**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Physicians Surgery Center of Chandler, | No. CV-20-02007-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Cigna Healthcare Incorporated, et al., | |
| Defendants. | |

Pending before the Court is the second motion to dismiss filed by Defendants Cigna Healthcare and associated parties (collectively, "Cigna"). Cigna moves to dismiss Plaintiff Physicians Surgery Center of Chandler's ("PSCC") first amended complaint. (Doc. 38.) For the following reasons, the Court grants the motion.

**I.     BACKGROUND**

The Court previously set forth the factual background of this case in its previous Order. (Doc. 27.) In brief, PSCC provides medical care to patients with Cigna insurance plans, even though it is an out-of-network provider. (Doc. 28 ¶¶ 14, 26, 27.) In October 2018, PSCC received a letter from Cigna accusing PSCC of failing to bill its Cigna-insured patients their full out-of-network cost share, a practice known as "fee forgiveness." (*Id.* ¶¶ 40, 41.) PSCC contends it does not engage in fee forgiveness. (*Id.* ¶ 70.) Ever since Cigna determined that PSCC was engaging in this practice, Cigna has denied all claims submitted by PSCC based on its alleged fee forgiveness policy. (*Id.* ¶ 43, 47.) PSCC alleges that as of August 31, 2020, "Cigna has improperly withheld approximately $5.6 million dollars"

of payment due to PSCC to "create leverage against PSCC." (*Id.* ¶ 53.) PSCC filed a complaint in October 2020. (Doc. 1.)

On July 23, 2021, the Court entered an Order (Doc. 27) granting in part and denying in part as moot Cigna's first motion to dismiss PSCC's complaint. The Court also directed PSCC to file an amended complaint by August 20, 2021, and PSCC timely did so. (*Id.*, Doc. 28.) In its first amended complaint, PSCC asserts three derivate claims arising under ERISA brought on behalf of Cigna's members: failure to properly pay benefits (Count I); breach of fiduciary duties (Count II); and failure to provide full and fair review (Count III). (Doc. 28.) PSCC also asserts five direct claims in its own capacity: breach of contract (Count IV); breach of the duty of good faith and fair dealing (Count V); unjust enrichment (Count VI); violation of Arizona's Prompt Pay statute (Count VII); and consumer fraud (Count VIII). (*Id.*) Cigna moved to dismiss each of PSCC's claims for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 38 at 1.)

## II.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). But the Court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

In deciding motions to dismiss, the court must accept material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *North Star*

*Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Additionally, review of a Rule 12(b)(6) motion is "limited to the content of the complaint." *North Star Int'l*, 720 F.2d at 581.

## III. ANALYSIS

### A. Derivative Claims

#### 1. Plan Term

In its prior Order, the Court dismissed three of PSCC's ERISA claims: failure to properly pay benefits, breach of fiduciary duties, and failure to provide full and fair review. (Doc. 27 at 7–8.) The underpinning of that Order was PSCC's failure to plead any specific plan language. (*Id.* at 7.) Without that information, PSCC cannot state a claim for relief because "a plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015) (citation and internal quotation marks omitted). PSCC conceded that it had not pleaded specific plan language. (Doc. 27 at 7.) Still, the Court allowed PSCC to amend its complaint to show efforts it had undertaken to obtain the plan language. (Doc. 27 at 17.)

In its amended complaint, PSCC provided a number of details about how it has sought the plan documents and also attached emails between PSCC's counsel and Cigna's counsel. (Doc. 28 ¶¶ 89–114, Doc. 28-4 at 2–22.) PSCC asserts that Cigna did not provide the plan documents for all 238 patients, but instead only provided summary plan documents for five of the patients. (*Id.* ¶¶ 89, 100, 114.) Based on these emails, PSCC accuses Cigna of "actively impeding the orderly disposition of this action through patent obfuscation." (Doc. 41 at 7.) Regardless, PSCC provided a representative plan term from the summary plan documents that it alleges "is contained in each Plan for each Claiming Patient." (Doc. 28 ¶ 10.)

Generally, a complaint must allege facts to "raise a right to relief above the

speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. To adequately state a claim under ERISA Section 502(a)(1)(B), "a plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015) (citation and internal quotation marks omitted). "Accordingly, a plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Id.* The Court finds that PSCC has sufficiently identified a specific plan term, but it still fails to state a claim under which relief can be granted.

In the amended complaint, PSCC alleges: (1) it provided health care services to Cigna patients as an out-of-network provider (Doc. 28 ¶¶ 14, 15); (2) it timely submitted claims to Defendants for payment (*id.* ¶¶ 37, 38); (3) Cigna wrongfully asserts that PSCC engaged in fee forgiveness (*id.* ¶ 41); (4) Cigna told PSCC that it would deny all claims from PSCC until it provided proof of payments by patients to Cigna's satisfaction (*id.* ¶ 42); and (5) PSCC does not engage in fee forgiveness (*id.* ¶ 47).[1] PSCC also provides this representative plan language, which it claims is contained in each patients' plan:

> [I]f Cigna determines that a provider is or has waived, reduced, or forgiven any portion of its charges and/or any portion of copayment, deductible, and/or coinsurance amount(s) you are required to pay for a Covered Service (as shown on the Schedule) without Cigna's express consent, then Cigna in its sole discretion shall have the right to deny the payment of benefits in connection with the Covered Service, or reduce the benefits in proportion to the amount of the copayment, deductible, and/or coinsurance amounts waived, forgiven or reduced, regardless of whether the provider represents that you remain responsible for any amounts that your plan does not cover. In the exercise of that discretion, Cigna shall have the right to require you to provide proof sufficient to Cigna that you have made your required cost share payment(s) prior to the payment of any benefits by Cigna.

(*Id.* ¶ 45.) Essentially, the fee-forgiveness term gives Cigna "sole discretion" to refuse to pay for services if Cigna determines a provider is engaging in fee forgiveness. (*Id.*) And, in exercising that discretion, Cigna has the right to require proof that the patient has paid his or her cost share. (*Id.*) PSCC also alleges that Cigna sent a letter on October 4, 2018

---

[1] Fee forgiveness is when a provider does not bill its patients for the full out-of-network cost that the patient owes under the plan.

alerting PSCC that it had determined PSCC was engaging in fee forgiveness, and it "will continue to deny claims until [PSCC] can establish proof of payments by patients to [Cigna's] satisfaction." (*Id.* ¶¶ 41, 42, Doc. 28-1 at 13–15.) But PSCC never alleges that it made any attempts of proof of payment. (*See* Doc. 28 ¶¶ 41, 42.)

Accepting all of PSCC's allegations as true, PSCC has failed to state a claim for relief based on the alleged plan term. *North Star Int'l*, 720 F.2d at 580. The fee forgiveness term allows Cigna to decide whether a provider is engaging in fee forgiveness and then require proof of payment by the patient. (*Id.* ¶ 45.) The Court must assume, as it alleges, that PSCC was not engaging in fee forgiveness. (*Id.* ¶ 70.) But even still, Cigna had full discretion under the parties' contract terms to seek proof-of-payment. (*Id.* ¶ 45.) PSCC's complaint is silent about its efforts to provide proof-of-payment. In its letter to PSCC, Cigna explained: "[b]ecause [PSCC] failed to provide the requested documentation supporting that you have collected the applicable cost share and balance amounts from the affected customers that satisfies the terms of the plan language, a refund is required." (Doc. 28-1 at 14.) Thus, regardless of whether or not PSCC was forgiving fees, the term dictates that PSCC provide proof-of-payment. Because it did not allege that it did so, the Court cannot determine that Cigna breached the agreement or failed to pay benefits.

Beyond this fee forgiveness term, PSCC asserts no other provision in the ERISA plans that entitle it to payment of benefits. *Almont Ambulatory Surgery Ctr., LLC*, 99 F. Supp. 3d at 1155; *see also Glendale Outpatient Surgery Ctr. v. United Healthcare Servs., Inc.*, 805 Fed. App'x 530, 531 (9th Cir. 2020) (determining that a plaintiff failed to state a claim for relief because it did not any ERISA "plan terms that specify benefits that the defendants were obligated to pay but failed to pay"). Because of this shortfall, PSCC has failed to state a plausible claim for relief on its Counts I, II, or III.

Despite this failure, PSCC has assured the Court that it can allege it submitted documented proof of payment for the medical procedures in the ERISA claims at issue, after it received Cigna's October 4, 2018 letter. (Doc. 51.) As such, the Court grants leave to amend as explained herein.

### 2. Count II: Fiduciary Duty

PSCC's Count II claims it is entitled to relief under 29 U.S.C. § 1132(A)(3) for breach of fiduciary duty. (Doc. 28 at 25.) In addition to the pleading defect set forth above, Count II suffers from the added defect that it fails to request equitable relief or a remediable wrong. The Court previously dismissed this count because, in addition to failing to plead a specific plan term, PSCC also failed to allege any remediable wrong or stated a claim for equitable relief. (Doc. 27 at 15.) PSCC argues its amended complaint sufficiently requests a form of relief under Count II because it alleged that "Cigna is required to exercise its fiduciary duties . . . and Cigna should be ordered to do so" and "PSCC has suffered injury and is entitled to damages and equitable, injunctive and declaratory relief." (Doc. 28 ¶¶ 145, 147.)

Once again, PSCC's allegations do not specify what kind of relief it seeks. (Doc. 27 at 14.) While monetary damages are possible under ERISA § 502(a)(3), PSCC alleges merely that it "has suffered injury and is entitled to damages." (Doc. 28 ¶ 145.) A claim for breach of fiduciary duty under ERISA requires a plaintiff to allege "both (1) that there is a remediable wrong, i.e., that the plaintiff seeks relief to redress a violation of ERISA or the terms of a plan, and (2) that the relief sought is appropriate equitable relief." *Talbot v. Reliance Standard Life Ins. Co.*, No. CV-14-00231-PHX-DJH, 2018 WL 10419233, at *19 (D. Ariz. Feb. 7, 2018). PSCC's request fails on both prongs.

First, PSCC has not demonstrated what remediable wrong exists for the plan's subscribers. As the assignee of the patients' § 502(a)(3) claims, PSCC can only state a claim for relief if those patients have a remediable wrong. *See, e.g.*, *Caulley v. Interprise/Sw. Interior & Space Design, Inc.*, No. 3:20-CV-03077-X, 2021 WL 2376720, at *3 (N.D. Tex. June 10, 2021) ("But [the assignee] fails to demonstrate how the [subscriber] could have brought its claim under section [502](a)(3) as a result of [the fiduciary's] alleged violation."). PSCC fails to show how the patients—its assignors—could maintain a claim under § 502(a)(3) against Cigna for a violation of fiduciary duty. Instead, PSCC alleges that "[a]s direct and proximate cause of such breach of fiduciary

duties of loyalty and care, *PSCC* has suffered injury and is entitled to damages[.]" (Doc. 28 ¶ 147) (emphasis added). Here, PSCC alleges it has suffered an injury, not the patients, and this allegation is insufficient to state a claim under § 502(a)(3).

Second, PSCC's request for "damages" does not specify an equitable remedy and fails to clarify what form of damages it seeks under § 502(a)(3). As the Court has previously explained, "[w]hen a fiduciary breaches its duty and relief is not otherwise available under the statute, § 502(a)(3) of ERISA provides for individualized equitable relief." *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 727 (9th Cir. 2000). The equitable relief categories under § 502(a)(3) are generally limited "to those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993). Section 502(a)(3) "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy," and relief is not available under § 502(a)(3) "where Congress elsewhere provided adequate relief for a beneficiary's injury." *Varity Corp. v. Howe*, 516 U.S. 489, 512, 515 (1996).

Here, PSCC's conclusory request for relief in the form of "damages and equitable, injunctive and declaratory relief" and a general request for the Court to order Cigna to fulfill its fiduciary duties fail to meet these standards. The Court instructed PSCC to revise its pleading to give an "indication of what specific relief" its request for "equitable, injunctive and declaratory relief" would entail. (Doc. 27 at 13.) PSCC failed to do so. PSCC also failed to show that its requested injunctive relief differs from relief available through other avenues. *Id.* The Court therefore grants Cigna's motion to dismiss as to Count II for failure to state a claim, without leave to amend.

### C. Direct Claims

PSCC also brings four direct claims rising under state law: breach of contract (Count IV);[2] breach of the duty of good faith and fair dealing (Count V); unjust enrichment (Count VI); violation of Arizona's Prompt Pay statute (Count VII); and consumer fraud (Count

---

[2] Cigna does not seek dismissal of PSCC's Count IV, breach of contract. (*See* Docs. 38, 44, *see also* Doc. 41 at 13 n.5.) Accordingly, the Court does not address this claim.

VIII).  (*See* Doc. 28.)

### 1. **Breach of Duty of Good Faith (Count V)**

PSCC's Count V fails because the PSCC does not allege that that the patients have assigned it the right to bring a claim for breach of the duty of good faith and fair dealing. PSCC argues that, as an assignee of the patients' rights, it stands in the shoes of the assignor and "[t]here can be no sincere dispute that each of the Claiming Patients would have the right to allege a claim for breach of the duty of good faith and fair dealing." (Doc. 41 at 13–14.)

"The question of what rights and remedies pass with a given assignment depends upon the intent of the parties." *Pac. Coast Agr. Exp. Ass'n v. Sunkist Growers, Inc.*, 526 F.2d 1196, 1208 (9th Cir. 1975). As "a non-participant health care provider," PSCC may bring suit only "derivatively, relying on its patients' assignments of their benefits claims." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz.*, 770 F.3d 1282, 1289 (9th Cir. 2014).

The assignment provision that each patient signed states:

> The undersigned hereby appoints and designates [PSCC] as my duly authorized representative, and assigns my ERISA rights and plan benefits as described below. . . . I hereby assign my right to assert and all causes of action for judicial review to [PSCC]. . . . I intend for my personal standing under ERISA's disclosure and civil enforcement procedures under 29 U.S.C. §§ 1024 and 1132 to be hereby transferred to my assignee, so that is my seek judicial review of denied claims and/or disclosure under 29 U.S.C. § 1132(a)(1)(B); 29 U.S.C. § 1132(a)(1)(A), and/or 29 C.F.R. 2560.503-1.

(Doc. 28-1 at 11.) This provision indicates only "that patients intended to assign [to PSCC] only their rights to bring suit for payment of benefits." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz.*, 770 F.3d 1282, 1292 (9th Cir. 2014). Besides, PSCC's Count V explicitly states that it "brings this claim with regard to plans that are not subject to ERISA." (Doc. 28 ¶ 162.) None of the assignment provisions assign PSCC the right to bring non-ERISA claims. (*See* Doc. 28-1 at 11.) Even in its amended complaint, PSCC fails to allege any other assignment of benefits language that would give it the right to bring this claim. The Court finds that no amendment can cure this deficiency. Accordingly,

- 8 -

Count V is dismissed with prejudice.

### 2. Unjust Enrichment (Count VI)

PSCC alleges that Cigna has been unjustly enriched because it received each patients' payment for insurance coverage, "which in turn allowed the Claiming Patients to receive valuable medical care, and then Cigna was spared the cost of payment to PSCC while avoiding the expense of claims appeals." (Doc. 28 ¶¶ 173, 174.) PSCC alleges this claim "for claims submitted under non-ERISA plans." (*Id.* ¶ 173.) This claim suffers from the same assignment of benefits as above. Even assuming that PSCC was assigned the patients' right to bring non-ERISA claims, PSCC fails to state a claim for relief on Count VI.

Under Arizona law, to state a claim for unjust enrichment, the plaintiff bears the burden of proving: (1) the plaintiff conferred a benefit to the defendant; (2) the defendant's benefit is at plaintiff's expense; and (3) injustice would result from allowing the defendant to keep the benefit. *USLife Title Co. of Ariz. v. Gutkin*, 153 Ariz. 349, 354 (1986). Moreover, "the existence of a contract specifically governing the rights and obligations of each party precludes recovery for unjust enrichment." *Id.*

PSCC's complaint contemplates a triangle of benefits and detriments that are not grounded in case law. First, PSCC argues that Cigna (1) received the claiming patients' payment for coverage; (2) the claiming patient paid for coverage for medical procedures; and (3) PSCC has been "unjustly impoverished having provided the valuable services without payment" while Cigna "was spared the cost of payment to PSCC." (*Id.* ¶¶ 173, 174.) In this setup, PSCC is standing in the shoes of the patients in the first step, but then substitutes itself in the third step. By failing to identify what injustice the claiming patients suffered as the result of Cigna's actions, this fails to state a claim for relief.

PSCC also alleges that it (1) provided services to Cigna's plan members; (2) Cigna did not pay for those provided services that were valued at $5.6 million; and (3) Cigna retains its plan members' premiums but refuses to pay PSCC, thus "retaining" the benefit. (*Id.* ¶¶ 176–179.) This argument fails on the first step. To state a claim for unjust

enrichment, the plaintiff must confer a benefit to the defendant, not a third party. *See id.* Here, PSCC provided a benefit—medical treatment—to the plan members, not the defendant.

Plaintiff cites two cases that it claims prove that a provider can bring an unjust enrichment claim against insurance companies. (Doc. 41 at 14.) Neither apply here. Both cases apply Virginia law as to *quantum meruit*, not the Arizona elements of unjust enrichment.[3] *Compare Dominion Surgical Specialists, LLC v. Carefirst Blue Cross Blue Shield Ins., Co.*, No. 119CV01547RDAMSN, 2020 WL 2759252, at *3 (E.D. Va. Feb. 19, 2020); *and Plastic Surgery Consultants, LLC v. Carefirst Blue Cross Blue Shield Ins. Co.*, No. 119CV01317RDAIDD, 2020 WL 2744131, at *3 (E.D. Va. Jan. 2, 2020); *W. Corr. Grp., Inc. v. Tierney*, 208 Ariz. 583, 590 (Ct. App. 2004). Even more unfavorably to PSCC's position, both cases dismissed the provider's *quantum meruit* claim because the complaint was "devoid of any facts that would tend to show that Defendant requested medical services from Plaintiff." *Dominion*, 2020 WL 279252, at *4; *Carefirst*, 2020 WL 2744131; at *4.

Based on its review of case law, any amendment to this claim would be futile because PSCC cannot allege that it conferred a benefit to Cigna. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (explaining that leave to amend is futile where "the pleading could not possibly be cured by the allegation of other facts"). Count VI is dismissed with prejudice.

### 3. Prompt Pay Statute (Count VII)

PSCC's Count VII alleges a claim arising under A.R.S. § 20-3102(A), the Arizona Prompt Payment Statute. Section 20-3102 instructs a health care insurer to "adjudicate any clean claim from a contracted or noncontracted health care provider relating to health care insurance coverage within thirty days" absent an agreement to the contrary. A.R.S. § 20-3102(A). PSCC does not argue, and the Court cannot find, any cases where Section 20-

---

[3] Under Arizona law, "*quantum meruit* is the measure of damages imposed when a party prevails on the equitable claim of unjust enrichment." *Corr. Grp., Inc. v. Tierney*, 208 Ariz. 583, 590 (Ct. App. 2004) (internal quotations omitted).

- 10 -

3102 provided a private right of action. (*See* Doc. 41 at 14–15.) PSCC reasons that "the Arizona Legislature must have intended to include a private right of action to enforce an insurer's compliance with the statute." (*Id.* at 15.) No authority indicates that Section 20-3102 provides a private right of action, and PSCC fails to provide any. PSCC's argument also fails to persuade the Court that Arizona law would infer a private right of action here. Accordingly, this Count VII is dismissed with prejudice.

### 4.    **Consumer Fraud (Count VIII)**

PSCC's Count VIII asserts a claim for violation of Arizona's Consumer Fraud Act ("CFA"), A.R.S. § 44-1521. (Doc. 28 at 30.) The CFA statute provides:

> The act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

A.R.S. § 44-1522(A). Allegations of fraud are subjected to a heightened pleading standard under Rule 9(b), which requires that "a party [alleging fraud] must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this requirement, a plaintiff must include "the who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citations omitted).

The CFA is inapplicable to the facts of this case. The CFA contemplates an "omission of any material fact . . . in connection with the sale or advertisement of any merchandise[.]" A.R.S. § 44-1522(A). PSCC alleges that fraud arose from Cigna's preapproval of medical care, then refusal to compensate PSCC for that care. (Doc. 28 ¶ 189.) But this approval is unconnected "with the sale or advertisement of [ ] *merchandise*." *Id.* (emphasis added). Finding no persuasive case law applying the CFA in the manner that PSCC advocates, the Court dismisses this claim.

///

### D. Leave to Amend

PSCC does not seek leave to amend. (*See* Doc. 41.) Nevertheless, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quotation omitted). District courts properly deny leave to amend if the proposed amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Amendment would not be futile here as to Counts I and III only. Cigna argued that, based on the terms of the October 4, 2018 letter, and the fee forgiveness provision, "it would deny Plaintiff's claims for services provided to Cigna plan members until 'you can establish proof of payment by your patient' of applicable cost share and balance amounts 'by providing documented proof of payment for the medical procedure(s) at issue.'" (Doc. 41 at 6, 7.) PSCC contends it can amend its complaint to include allegations that it did submit proof-of-payment for the patients at issue after receiving the October 4, 2018 letter, yet Cigna, after receiving the proof that fee forgiveness was not happening, still did not make payments. (Doc. 51.) The remaining counts are dismissed with prejudice because the Court finds amendment would be futile.

### IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED granting** Cigna's Second Motion to Dismiss. (Doc. 38.)

1. Cigna's Motion as to the ERISA derivative claims (Counts I and III) is granted for failure to state a claim, with leave to amend.

- 12 -

2. Cigna's Motion as to Count II is granted for failure to state a claim, without leave to amend.

3. Cigna's Motion as to the remaining state-law claims (Counts V, VI, VII, and VIII) is granted and those counts are dismissed without leave to amend.

**IT IS FINALLY ORDERED** that PSCC shall file an amended complaint, if it chooses to do so, by no later than **July 15, 2022.**

Dated this 1st day of July, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge